IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00127-RLV
(5:07-cr-00050-RLV-13)

| | |
|---|---|
| CHEUKMA KENYATA SANDERS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to modify his sentence. After examining the claims for relief, the Court finds the motion is in fact an unauthorized, successive § 2255 motion to vacate pursuant to 28 U.S.C. § 2255(h).[1] For the reasons that follow, the petition for relief will be dismissed.

I. BACKGROUND

Petitioner was sentenced on January 5, 2009, to a term of 292-months' imprisonment following his conviction on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (5:07-cr-00050, Doc. No. 237: Judgment). Petitioner's appeal from this judgment was dismissed as untimely. United States v. Sanders, No. 09-4508 (4th Cir. Nov. 2, 2009). (Id., Doc. No. 363).

On December 2, 2009, Petitioner filed a pro se § 2255 motion to vacate in which argued that he received ineffective assistance counsel because his trial counsel failed to challenge his

---

[1] District courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation omitted).

1

designation as a career offender, and he failed to challenge his enhancement for his role as an organizer or leader in the drug conspiracy. On December 14, 2009, the Court dismissed the § 2255 motion after finding that the claims presented were without merit; the Fourth Circuit dismissed his appeal in an unpublished opinion. See United States v. Sanders, 376 F. App'x 313 (4th Cir. 2010). (5:09-cv-00135-RLV).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Petitioner offers no evidence that he has obtained authorization to file a successive

petition. Accordingly, this Court is without jurisdiction to consider his claim for collateral relief and the motion will therefore be dismissed. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); Winestock, 340 F.3d at 205.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: July 6, 2016

Richard L. Voorhees
United States District Judge