# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CRIMINAL ACTION NO. 5:07-CR-00050-KDB-CH

| | |
|---|---|
| USA, | |
| **Plaintiff,** | |
| v. | **ORDER** |
| CHEUKMA KENYATA SANDERS, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's pro se motion for appointment of counsel under the First Step Act of 2018. (Doc. No. 646).

Defendant pled guilty to possession with intent to distribute 50 grams or more of cocaine base (Count One), admitting that more than 1.5 kilograms, but less than 4.5 kilograms, of cocaine base was reasonably foreseeable to him. (Doc. No. 164: Plea Agreement at 2).

Under the First Step Act, the Court has discretion to impose a reduced sentence as if the Fair Sentencing Act of 2010 had been in place at the time of the original offense was committed. First Step Act of 2018, Pub. L. 115-135, § 404 (2018).  Here, Defendant's admitted drug quantity of more than 1.5 kilograms of cocaine base would still be punishable by 120 months to life imprisonment. 21 U.S.C. § 841(b)(1)(A).  The resulting advisory guideline range would remain 262 to 327 months. USSG §4B1.1.  Accordingly, Defendant does not qualify for a sentence reduction under the First Step Act.

Even if Defendant did qualify, the Court would not exercise its discretion to reduce his sentence. Sections 404(b) and (c) of the Act specify that a court "may," but is not required to, impose a reduced sentence. Given Defendant's extensive criminal history, which began at age 18

1

and includes multiple prior felony drug offenses, the Court would not choose to exercise its discretion under the statute. (Doc. No. 211: Presentence Investigation Report at 9-16). The Court finds that a sentence of 262 months, the low end of the advisory guideline range based on Defendant's admitted conduct and criminal history, is sufficient, but not greater than necessary, to accomplish the goals of sentencing in 18 U.S.C. § 3553(a). *See* Doc. No. 339: Sent. Hr'g Tr. at 24-25 (noting "19 criminal history points is a serious concern to the court in terms of recidivism").

The First Step Act does not independently give a defendant the right to counsel and the Fourth Circuit has held "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, . . . [a] motion for reduction of sentence does not fit into this category." *Legree*, 205 F.3d at 730; *see also United States v. Olvis*, No. 4:95-cr-38, 2019 WL 2723619 at * 3 (E.D. Va. May 1, 2019) (citing to *Legree* in its reasoning for denying the defendant's motion for appointment of counsel under the First Step Act). Therefore, because Defendant does not qualify for a reduction under the First Step Act and there are no exceptional circumstances, the Court finds no reason to appoint counsel to represent Defendant at this time.

**IT IS, THEREFORE, ORDERED** that Defendant's motion, (Doc. No. 646), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 4, 2019

Kenneth D. Bell
United States District Judge